UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARLA JAUREY,

    Plaintiff,

v.                                                     CASE NO.:

TRI-STONE CORP., a Georgia
Corporation, GMS GA, LLC, a Georgia
Limited Liability Company, and
SALAMANDER HOSPITALITY, LLC,
a Delaware Limited Liability Company,

    Defendants.                  /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CARLA JAUREY, by and through the undersigned attorney, sues the Defendants, TRI-STONE CORP., a Georgia Corporation, GMS GA, LLC, a Georgia Limited Liability Company, and SALAMANDER HOSPITALITY, LLC, a Florida Limited Liability Company (collectively "Defendants"), and alleges:

### JURISDICTION AND VENUE

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the FLSA.

3. At all times material hereto, Plaintiff was a resident of Flagler County, Florida.

4. Defendants conduct business in, among others, Flagler County, Florida.

1

5. A substantial part of the events or omissions giving rise to this claim occurred in Flagler County, Florida. Therefore, venue is proper in the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

6. Defendant, TRI-STONE CORP., is a Georgia Corporation that operates and conducts business in Flagler County, Florida. Defendant, TRI-STONE CORP.'s acts and omissions giving rise to this claim occurred in Flagler County, Florida. Therefore, Defendant, TRI-STONE CORP. is within the jurisdiction of this Court.

7. Defendant, GMS GA, LLC, is a Georgia Limited Liability Company that operates and conducts business in Flagler County, Florida. Defendant, GMS GA, LLC's acts and omissions giving rise to this claim occurred in Flagler County, Florida. Therefore, Defendant, GMS GA, LLC is within the jurisdiction of this Court.

8. Defendant, SALAMANDER HOSPITALITY, LLC, is a Delaware Limited Liability Company that operates and conducts business in Flagler County, Florida. Defendant, SALAMANDER HOSPITALITY, LLC's acts and omissions giving rise to this claim occurred in Flagler County, Florida. Therefore, Defendant, SALAMANDER HOSPITALITY, LLC is within the jurisdiction of this Court.

9. Plaintiff worked for the Defendants as a housekeeper at the Hammock Beach Resort located at 200 Ocean Crest Drive, Palm Coast, FL 32137 from around June 2012 to April 2019.

**GENERAL ALLEGATIONS**

10. At all material times, Defendants were "employers" within the meaning of the FLSA and under the common law.

11. Together, Defendants controlled and supervised Plaintiff and also had the power to determine Plaintiff's schedule, her rate of pay, and hire/fire her.

12. Plaintiff was an employee who worked for Defendants as an hourly paid housekeeper within the last three years in Flagler County, Florida.

13. Throughout Plaintiff's employment, Plaintiff was improperly classified as an "independent contractor" and was denied additional overtime compensation for overtime work performed.

14. Plaintiff's job did not require any specialized skills other than those that were taught to Plaintiff during Defendants' training sessions and/or through on-going training provided by Defendants. Similarly, Plaintiff's job did not require any prior experience.

15. Defendants provided Plaintiff with her schedule and Plaintiff was required to seek permission to obtain a deviation in her schedule, including any requests for time-off.

16. At the jobsite, Plaintiff's work was supervised at all times, especially by her supervisor, Director of Housekeeping, Manuel Hurtado.

17. Plaintiff regularly communicated with Mr. Hurtado as well as other managers during the performance of her duties each day.

18. Plaintiff did not have discretion with respect to the performance of her job assignments.

19. Plaintiff was not allowed to leave the jobsite until the end of her designated shift.

20. Plaintiff did not have authority to hire employees to assist her in the performance of her work.

21. Plaintiff worked full time for Defendants from around July 2012 to April 2019.

22. Plaintiff was economically dependent on Defendants for her livelihood.

23. Plaintiff was not in business for herself.

24. Plaintiff could not refuse work offered by Defendants.

25. Plaintiff regularly worked in excess of (40) hours per week throughout her employment with Defendants.

26. Defendants did not properly record Plaintiff's work hours.

27. Defendants did not maintain proper time records as mandated by law.

28. Defendants failed to post informational posters as required by law advising its employees of their rights under the FLSA.

21. At all times material to this cause of action, Defendants were an enterprise subject to the FLSA.

22. At all times material to this cause of action, Plaintiff was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

23. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

24. During Plaintiff's employment, Defendants each earned more than $500,000 per year in gross sales.

25. During Plaintiff's employment, Defendants each employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including but not limited to computers, telephones, cleaning supplies, and other tools/materials used to run the business.

26. Therefore, at all material times relevant to this action, Defendants were enterprises covered by the FLSA, and as defined by 29 U.S.C. §203(r) a.

27. During her employment with Defendants, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

28. During her employment with Defendants, Plaintiff routinely worked overtime hours.

29. Defendants misclassified Plaintiff as an independent contractor not entitled to overtime compensation.

32. Plaintiff is not an independent contractor but rather an employee. As such, she is entitled to her regular rate of pay plus the half-time premium for all hours worked in excess of forty (40) per week.

33. Based upon the above policies, Defendants have violated the FLSA by failing to pay complete overtime pay for each hour worked over forty (40) per week.

34. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and the amounts paid to Plaintiff are in the possession and custody of Defendants.

35. Plaintiff has hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

36. All conditions precedent to this action have been performed or waived.

**COUNT I - RECOVERY OF OVERTIME COMPENSATION (FLSA)**

37. Paragraphs one (1) through thirty-six (36) above are fully re-alleged and incorporated herein.

38. Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

39. During her employment with Defendants, Plaintiff was not being paid proper overtime compensation for all overtime hours worked in violation of the FLSA.

40. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

41. Defendants did not have a good faith basis for its failure to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week.

42. As result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

43. Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff, CARLA JAUREY, demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated: August 13, 2019.

        Respectfully submitted,

**/s/ JOLIE PAVLOS, ESQ.**
Jolie Pavlos, Esq.,
FBN 0125571
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Telephone:   (407) 245-3517
Facsimile:   (407) 204-2206
Email: jpavlos@forthepeople.com
      mbarreiro@forthepeople.com
Attorneys for Plaintiff